UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEVEN JOHN SCHMITZ AND TARANA LEA SCHMITZ,<br><br>      Defendant-Debtors.<br>_____<br>HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>  v.<br><br>STEVEN JOHN SCHMITZ,<br><br>      Defendant. | District Court Case No. 2:10-CV-2920-JAM-KJN<br><br>Bankruptcy Case No. 10-26865-C-7<br><br>Adversarial Case No. 10-02646<br><br>DC Control No. DOL-001<br><br>ORDER GRANTING MOTION FOR WITHDRAWAL OF REFERENCE AND TRANSFER OF VENUE |

This matter is before the Court on Plaintiff Secretary of the United States Department of Labor Hilda L. Solis' ("Plaintiff") motion for withdrawal of reference and transfer of venue. (Doc. #1). Plaintiff seeks to withdraw an adversary complaint from the Bankruptcy Court to the District Court, and transfer venue from the Eastern District of California to the Central District of

1

1  California.  The adversary complaint involves alleged violations of
2  the Employee Retirement Income Security Act of 1974 ("ERISA"), 29
3  U.S.C. §§ 1001-1191(c).  Plaintiff moves for withdrawal pursuant to
4  28 U.S.C. § 157(d) and Federal Rules of Bankruptcy Procedure
5  5005(a) and 5011(a).  Defendant Steven Schmitz ("Defendant") did
6  not file an opposition or statement of non-opposition to the
7  motion.  This matter was set for hearing on February 9, 2011, and
8  ordered submitted on the briefs.[1]

9      Having reviewed the papers, the Court finds that Plaintiff has
10 shown good cause for withdrawal of the adversary complaint under
11 both the discretionary and mandatory withdrawal requirements of 28
12 U.S.C. § 157(d).  The Court further finds, for the reasons set
13 forth in the motion, that transfer of venue of the adversary case
14 to the Central District is appropriate under the discretionary
15 standard of 28 U.S.C. § 1404(a), so that the adversary complaint
16 may be consolidated with Plaintiff's pending matter in the Central
17 District (*Hilda L. Solis v. Shannon Stuart, Steven John Schmitz and*
18 *the S.J. Burkhardt, Inc., Employee's Profit Sharing Plan*, Civil
19 Action No. CV10-7914 VBF).  Accordingly, Plaintiff's motion for
20 withdrawal and transfer of venue is GRANTED.

21     Pursuant to Eastern District Local Rule 230(c), opposition, if
22 any, to the granting of a motion shall be in writing and shall be
23 filed and served not less than fourteen days preceding the noticed
24 hearing.  A responding party who has no opposition to the granting
25 of the motion shall serve and file a statement to that effect.
26 Pursuant to Eastern District Local Rule 110, failure of counsel or

---

[1] This matter was determined to be suitable for decision without oral argument. E. D. Cal. L. R. 230(g).

2

of a party to comply with the Local Rules may be grounds for imposition of sanctions by the Court. Defendant's attorney, Dennis K. Cowan, failed to file any response, either an opposition or statement of non-opposition, to Plaintiff's motion. Accordingly, Mr. Cowan is ordered, within ten (10) days of the date of this Order, to submit a statement of good cause explaining his failure to comply with the Local Rules or pay sanctions in the amount of $100.00 to the Clerk of the Court.

ORDER

Plaintiff's motion to withdraw the reference from the Bankruptcy Court and transfer venue to the United States District Court for the Central District of California is GRANTED.

Defendant's attorney, Dennis K. Cowan is ordered, within ten (10) days of the date of this Order, to submit a statement of good cause for failure to comply with the Local Rules, or pay sanctions in the amount of $100.00 to the Clerk of the Court.

IT IS SO ORDERED.

Dated: February 10, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE